IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRIAN McCUTCHEN | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| MARILYN S. BROOKS, et al. | : | No. 07-1730 |

## REPORT AND RECOMMENDATION

PETER B. SCUDERI
UNITED STATES MAGISTRATE JUDGE                    September 24, 2007

This is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. §
2254 by Brian McCutchen ("McCutchen"), an individual currently incarcerated at the
State Correctional Institution at Albion.  For the reasons that follow, I recommend that the
petition be dismissed.

## FACTS AND PROCEDURAL HISTORY:

On May 26, 2004, McCutchen entered a guilty plea to one (1) count each of
attempted murder, aggravated assault, attempted rape, criminal trespass, unlawful
restraint, corruption of a minor, false imprisonment, and indecent exposure in the Court of
Common Pleas of Philadelphia County.  The court deferred sentencing pending
McCutchen's Megan's Law assessment hearing conducted on January 14, 2005.  On
February 18, 2005, the Honorable Pamela Pryor Dembe, Court of Common Pleas of
Philadelphia County, who presided over McCutchen's Megan's Law hearing, sentenced
him to consecutive terms of imprisonment of twenty (20) to forty (40) years for attempted
murder, ten (10) to twenty (20) years for attempted rape, and five (5) to ten (10) years for
criminal trespass.  These sentences were to be followed by ten (10) years of probation for

unlawful restraint.  McCutchen was also sentenced to a concurrent term of ten (10) to twenty (20) years of imprisonment for aggravated assault.

McCutchen filed a direct appeal to the Pennsylvania Superior Court asserting numerous challenges to the sexually violent predator provisions of Megan's Law and claiming that the trial court abused its discretion by imposing statutory maximum consecutive sentences totaling 35-70 years.  The Superior Court affirmed the judgment of sentence on August 21, 2006.  Commonwealth v. McCutchen, 909 A.2d 884 (Pa. Super. 2006) (table) (No. 983 EDA 2005).  McCutchen filed a petition for allowance of appeal in the Pennsylvania Supreme Court and the Supreme Court denied allocatur on June 15, 2007.  Commonwealth v. McCutchen, 927 A.2d 623 (Pa. 2007) (table).

On April 27, 2007, McCutchen filed the instant petition for writ of habeas corpus claiming that: (1) Judge Dembe imposed an "extravagant" sentence based on her personal relationship with the Friends of the Free Library;[1] (2) ineffective assistance of counsel for failing to object to Judge Dembe presiding over his trial; and (3) ineffective assistance of counsel for "cajoling" him to enter a guilty plea based on the promise of concurrent sentences within the sentencing guidelines.

Respondents have filed an answer to McCutchen's federal habeas petition asserting that McCutchen's petition should be dismissed without prejudice because he has failed to exhaust his state remedies.

---

[1]The crimes for which McCutchen was convicted occurred at the Independence Branch of the Free Library on 7th and Market Streets in Philadelphia.

## DISCUSSION

A federal court, absent unusual circumstances, should not entertain a petition for writ of habeas corpus unless the petitioner has first satisfied the exhaustion requirement of 28 U.S.C. § 2254.  See 28 U.S.C. § 2254(b).  Under § 2254(c), a petitioner will not be deemed to have exhausted available state remedies if he had the right under the law of the state to raise, by any available procedure, the question presented.  O'Sullivan v. Boerckel, 526 U.S. 838 (1999) ("we ask not only whether a prisoner has exhausted his state remedies, but also whether he has properly exhausted those remedies, i.e., whether he has fairly presented his claims to the state courts"); see also Picard v. Connor, 404 U.S. 270 (1971).  The habeas corpus petitioner has the burden of proving exhaustion of all available state remedies.  Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997) (citing 28 U.S.C.A. § 2254).

McCutchen has not presented any of the claims in the instant habeas petition to the state courts on appeal.  Because the claims presented are not considered exhausted for the purposes of habeas review, this court is barred from further review of McCutchen's petition unless his failure to exhaust his state remedies is excused.

The federal courts may excuse the exhaustion requirement if it would be futile for the petitioner to seek relief in the state court system.  Duckworth v. Serrano, 454 U.S. 1 (1981); Landano v. Rafferty, 897 F.2d 661 (3d Cir. 1990), cert. denied, 498 U.S. 811 (1990); 28 U.S.C. § 2254(b)(1)(B)(i) and (ii).  Returning to state court is not futile in the

3

instant case because McCutchen may present his claims in the state court through

Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Con. Stat. Ann. § 9541 et

seq.  See Lines v. Larkins, 208 F.3d 153, 164 & n.17 (3d Cir. 2000); see 42 Pa. Cons.

Stat. Ann. § 9542 (the PCRA is the sole means of obtaining collateral relief from

convictions, encompassing and replacing all other forms of relief, including habeas

corpus and coram nobis).  McCutchen has not filed a PCRA petition with regard to the

conviction at issue.  Although there is one (1) year statute of limitations for filing a PCRA

petition, McCutchen may still file his PCRA petition in a timely fashion.[2]  Consequently,

because state law does not clearly foreclose state court review of his claims through a

PCRA petition, this court does not recommend excusing the exhaustion requirement for

McCutchen's claims.  See Gibson v. Scheidemantel, 805 F.2d 135, 139, 141 (3d

Cir.1986).  Accordingly, this petition should be dismissed without prejudice[3] pending

---

[2]Pursuant to the amended PCRA, effective January 16, 1996, collateral actions must be filed within one (1) year of the date the conviction at issue becomes final.  42 Pa. Cons. Stat. Ann. § 9545(b)(1).  For purposes of the PCRA, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of Pennsylvania and the Supreme Court of the United States, or at the expiration of time for seeking the review.  42 Pa. Cons. Stat. Ann. § 9545(b)(3).  The Pennsylvania Supreme Court denied McCutchen's petition for allocatur on June 15, 2007.  Therefore, McCutchen's conviction became final on or about September 13, 2007, when the time for seeking certiorari in the United States Supreme Court expired.  See S.Ct.R. 13(1) (stating petitioners have ninety (90) days to file petition for a writ of certiorari); see also Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999) (stating direct review becomes final at the conclusion of petitioner's time for seeking certiorari in the United States Supreme Court).  Under the PCRA one (1) year statute of limitations, McCutchen would thus have until September 12, 2008, in order to file a timely PCRA petition.

[3]The dismissal of this petition without prejudice does not toll nor waive the limitations period of 28 U.S.C. § 2244.  In furtherance thereof, I note that if McCutchen submits a "properly filed application" for post-conviction relief to the state court, it would toll the federal statute of limitations.  See 28 U.S.C. § 2254(d)(2); Carey v. Saffold, 536 U.S. 214 (2002) (an application

exhaustion of state court remedies.

Therefore, I make the following:

## R E C O M M E N D A T I O N

AND NOW, this 24th day of September, 2007, IT IS RESPECTFULLY

RECOMMENDED that the petition for a writ of habeas corpus filed pursuant to 28

U.S.C. § 2254 be DISMISSED WITHOUT PREJUDICE.  There has been <u>no</u> substantial

showing of the denial of a constitutional right requiring the issuance of a certificate of

appealability.

/S/ PETER B. SCUDERI
PETER B. SCUDERI
UNITED STATES MAGISTRATE JUDGE

for collateral review in state court must satisfy the state's timeliness requirements to be deemed
"properly filed").  Notwithstanding, the one (1) year federal statute of limitations does not reset
once a "properly filed" application for post-conviction relief has been decided, <u>Johnson v.
Hendricks</u>, 314 F.3d 159, 161-162 (3d Cir.), <u>cert. denied</u>, 538 U.S. 1022 (2003), nor is the federal
statute of limitations tolled while another federal habeas petition is pending.